UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria Jean Edwards, | ) C/A No. 3:12-0693-RMG-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the undersigned magistrate judge on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3), which was updated by Plaintiff on March 13, 2012. The updated Motion for Leave to Proceed *in forma pauperis* reveals that Plaintiff receives approximately $890 per month in Social Security Disability payments and a "retirement" from her former employer of $1395 per month. She has a half-interest in a home, which is valued at $179,000 and has a mortgage balance of $107,000.

A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 & nn. 5-10 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court, however, has commented that it is sometimes difficult to decide § 1915 applications: "[T]here are no 'magic formulas' for making the

determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976), *quoting Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972), *affirmed*, 479 F.2d 1044 (5th Cir. 1973)(*per curiam*).

In *Carter v. Telectron, Inc.*, the district court, citing *Adkins v. Du Pont* and cases in the Third and Fifth Judicial Circuits, set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

> (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"
>
> (2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"
>
> (3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

*Carter v. Telectron, Inc.*, 452 F. Supp. at 943.

As has been noted many times, the ". . . privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants[,] who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Failor v. Califano*, 79 F.R.D. 12, 13 & n. 1 (M.D. Pa. 1978); *Thomas v. Califano*, 79 F.R.D. 14, 14-15 & nn. 1-2 (M.D. Pa. 1978).

Plaintiff would not be rendered destitute by paying the filing fee of three hundred fifty dollars ($350). Hence, Plaintiff must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" *Carter v. Telectron, Inc.*, 452 F. Supp. at 944.

## *Recommendation*

It is recommended that the District Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3).  It is also recommended that, if the District Court accepts this Report and Recommendation, Plaintiff be given thirty (30) days after entry of the District Court's Order to pay the filing fee of three hundred fifty dollars ($350).  Plaintiff's attention is directed to the Notice on the next page.

March 13, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).