# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria Jean Edwards, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:12-693-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 35). Plaintiff seeks an award of $6,031.44 based upon 33.20 hours of attorney's time compensated at $181.67 per hour. (Dkt. No. 35-2). Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees requested are reasonable. Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 36).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

In this matter, the Court reversed the decision of the Commissioner because of her failure to consider all Listings potentially applicable to the claimant's severe impairment of lupus and to consider whether the combined effects of the claimant's multiple impairments constituted the medical equivalent of one of the Listings. *Edwards v. Colvin*, 2013 WL 4018557 at *7 (D.S.C. 2013). The duty of the Commissioner to consider any potential applicable Listings and to consider the combined effects of a claimant's multiple impairments are settled matters of law. 42 U.S.C. § 423(c)(2)(B); 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1526(b)(ii); *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Therefore, the Court finds that the Government is not able to carry its burden that its position in this matter was substantially justified.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of the itemized Plaintiff's attorney time and rates and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court **GRANTS** Plaintiff's motion for attorney fees under EAJA in the amount of $6,031.44. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
November 7, 2013